UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAURA H.,

                        Plaintiff,

v.                                                      CASE # 21-cv-00213

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC             KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                     VERNON NORWOOD, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

### MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

Plaintiff was born on January 7, 1989, and has a high school education. (Tr. 98, 203). At the time of application, plaintiff's alleged disability consisted of low B12, ataxia, and neuropathy. (Tr. 202).

### B.      Procedural History

On October 22, 2018, plaintiff protectively applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 50). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On April 30, 2020, plaintiff appeared before ALJ Barbara Dunn. (Tr. 12-49). On May 21, 2020, ALJ Dunn issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 83-99). On December 8, 2020, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, plaintiff timely sought judicial review in this Court.

### C.      The ALJ's Decision

Generally, in her decision, the ALJ made the following findings of fact and conclusions of law:

1.  The claimant has not engaged in substantial gainful activity since October 22, 2018, the application date (20 CFR 416.971 *et seq.*).

2.  The claimant has the following severe impairments: cervical and lumbar degenerative disc disease, vitamin B12 deficiency with neuropathy and ataxia, gastroesophageal reflux disease (GERD), obesity, shellfish (shrimp) allergy, anxiety, Obsessive Compulsive Disorder (OCD), depression and conversion disorder (20 CFR 416.920(c)).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a), with some exceptions. She is able to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk two hours in an eight-hour workday, and sit six hours in an eight-hour workday. She can no more than occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs but cannot climb ladders, ropes, or scaffolds. She can have no exposure to hazards such as dangerous machinery or heights. She can tolerate no more than occasional exposure to dust, fumes, gases, poor ventilation, or temperature extremes. She can do no work around shellfish. The claimant is limited to unskilled and simple, repetitive work with no fast-paced production requirements, no public contact, and no more than occasional coworker and supervisory contact.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on January 7, 1989, and was 29 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since October 22, 2018, the date the application was filed (20 CFR 416.920(g)).

(Tr. 83-99).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff argues the ALJ's residual functional capacity (RFC) determination is not supported by substantial evidence because all medical opinions in the record were discredited. (Dkt. No. 7 at 10 [Pl.'s Mem. of Law]).

### B.   Defendant's Arguments

In response, defendant argues substantial evidence supports the ALJ's RFC finding and the ALJ appropriately considered the medical opinion evidence. (Dkt. No. 8 [Def.'s Mem. of Law]).

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."

4

*Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.      Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.      ANALYSIS**

Plaintiff argues the ALJ's RFC is not supported by substantial evidence because no opinion was determined to be completely persuasive and therefore surmises it was based on the ALJ's lay interpretation of the raw medical evidence of record. (Dkt. No. 7 at 12). While plaintiff alludes to

the ALJ's treatment of the opinion evidence, she does not actually identify a specific error by the ALJ in her assessment of the eight medical opinions. (Dkt. No. 7 at 14). In her reply brief, plaintiff broadly reiterates the ALJ failed to properly evaluate the opinion evidence of record and alleges the RFC assessment conflicted with an opinion from a medical source but does not identify any specifics from the case at hand. (Dkt. No 9 at 2-3). Issues that are not sufficiently argued in a plaintiff's briefs are considered waived. *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.") (internal citation omitted).

For claims filed on or after March 27, 2017, such as Laura H.'s, the ALJ no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) including those from [the claimant's] medical sources." *Angela H.-M. v. Comm'r of Soc. Sec.*, – F. Supp. 3d –, 2022 WL 4486320, at *4 (W.D.N.Y. 2020) (quoting 20 C.F.R. §§ 404.1520c(a), 416.920c(a)) (internal quotation marks omitted). Instead, the ALJ evaluates the opinion evidence and "articulate[s] ... how persuasive [he] finds the medical opinions in the case record." *Id.* (citing 20 C.F.R. §§ 404.1520c(b), 416.920c(b)).

Here, the administrative record contained eight medical opinions each of which the ALJ addressed. The only opinions raised by plaintiff in her brief are from the consultative examiners and state agency medical consultants. (Dkt. No. 7 at 10). The ALJ assessed the opinions of physical consultative examiner Dr. Liu, mental consultative examiner Dr. Ippolito, and the state agency medical consultants as partially persuasive. (Tr. 94-96). As mentioned above, the plaintiff does not allege any error in the ALJ's assessment of the opinion evidence only that by giving diminished weight "there is no way to tell why the ALJ formulated the RFC that he did" or more simply put,

the RFC was not based on a medical opinion. (Dkt. No. 7 at 10). Plaintiff's argument is without merit.

The RFC is an assessment of the most plaintiff can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ is responsible for assessing plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources. *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c). Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. Id. §§ 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c). Lastly, it is the ALJ who is responsible for assessing the RFC and there is no requirement that the ALJ's RFC finding be identical to a medical opinion. *See Matta v. Astrue*, 508 Fed App'x 53 (2d Cir. 2013) (summary order) ("Although the ALJ's conclusions may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."); *Bliss v. Comm'r of Soc. Sec.*, 406 F.App'x 541, 542 (2d Cir. 2011) ("[T]he ALJ need not involve medical sources or claimant's counsel in his deliberative process or assessment of the evidence.").

In this case, the record was sufficiently developed for the ALJ to assess plaintiff's RFC and substantial evidence supported her finding for a reduced range of sedentary work. The ALJ's decision was thoroughly detailed as it assessed the medical and non-medical evidence in the record, including medical opinions, treatment notes, clinical findings, and plaintiff's activities.

Looking first to the physical portion of the RFC and the respective medical opinions cited by plaintiff in her brief, the ALJ properly considered the limitations and adopted the function-by-function limitations opined by those sources. (Tr. 91). Plaintiff does not argue any portions of the

opinions were improperly excluded. (Dkt. No. 7 at 13). Dr. Liu assessed mild-to-moderate limitations for prolonged walking, bending, kneeling, squatting, stair climbing, and carrying heavy weights. (Tr. 302). The Second Circuit has found that medical opinions finding mild and moderate limitations supportive of an RFC determination for light work, and here the ALJ limited the plaintiff to sedentary. *See White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (holding that a medical opinion that claimant had moderate limitations performing certain exertional activities combined with medical and other evidence supported RFC finding for light work); *Jacob M. v. Comm'r of Soc. Sec.*, No. 20-CV-1093-FPG, 2022 WL 61007, at *5 (W.D.N.Y. Jan. 6, 2022)(Where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand.). Dr. Poss, a state agency medical consultant, opined that plaintiff could lift/carry twenty pounds occasionally and ten pounds frequently, sit for about six hours, stand and/or walk for two hours of an eight-hour workday. (Tr. 58). Dr. Brauer, another State agency medical consultant, reviewed the evidence of record and affirmed Dr. Poss' assessment. (Tr. 75-78; *see* Tr. 58-59). Consultative examiners and state agency medical consultants are deemed to be highly qualified physicians who are experts in Social Security disability evaluations and an ALJ is entitled to rely upon their opinions, which can also serve as substantial evidence. 20 C.F.R. § 416.913a(b)(1); *see also Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) (*citing Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)). In addition to this evidence, plaintiff testified that she could lift twenty pounds, sit for "a couple of hours," stand for two hours, and walk throughout a grocery store as well as to and from its parking lot. (Tr. 26, 27, 28). Additionally, records from plaintiff's neurologist reflected an intact gait, full muscle strength, normal reflexes, and unremarkable findings on her neurological exam. (Tr. 91, 310, 324). An MRI of plaintiff's brain was unremarkable in November 2018. (Tr. 310; *see* Tr. 312-13). Likewise, an MRI of plaintiff's cervical spine was generally unremarkable in February 2019. (R. 312-13).

Plaintiff only argues the evidence of record supported restrictions in the use of her upper extremities. (Dkt. No. 7 at 13). She cites one exam from October 2018, where she presented with parethesias of the hands and feet but at the appointment she reported it was much better since getting B12 injections. (Tr. 288-89). Furthermore, the prior treatment note from July 2018 only assessed paresthesia in the legs. (Tr. 291). This argument is insufficient to prove that her RFC is more restricted than found by the ALJ. *See Poupore*, 566 F.3d at 306 (plaintiff bears the burden of proving that her RFC is more restricted than that found by the ALJ, whereas the Commissioner need only show that substantial evidence supports the ALJ's decision).

Likewise, the mental RFC was also supported by medical and non-medical evidence in the record, including medical opinions, treatment notes, clinical findings, plaintiff's activities, and plaintiff's course of treatment. Consultative examiner Dr. Ippolitio, opined plaintiff had no limitations in understanding, remembering, and applying complex instructions; and using reason and judgment to make work-related decisions; but moderate limitations in any mental work-related functioning. (Tr. 306). Accordingly, the ALJ found the opinion partially persuasive and limited plaintiff's RFC to unskilled, simple work with limited interactions. *See*, *generally*, *Wells v. Colvin*, No. 13-cv-6593, 2015 WL 770046, *13 (W.D.N.Y. Feb. 24, 2015) (moderate limitations in mental functioning are consistent with an RFC for unskilled work).

ALJ Dunn also considered the assessments of state medical consultants Drs. Tzetzo and Juriga, which supported the RFC. (Tr. 91). Both assessed that plaintiff had no more than moderate limitations in understanding, remembering, and applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (Tr. 55, 72). As discussed above, moderate limitations in mental work-related functioning does not significantly limit a plaintiff from performing unskilled work. *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (holding that the ALJ's determination that claimant could perform simple work tasks was

well supported where "None of the clinicians who examined [plaintiff] indicated that she had anything more than moderate limitations in her work- related functioning, and most reported less severe limitations."). Additionally, Drs. Tzetzo and Jurgia opined plaintiff could perform simple work tasks with no more than brief superficial contact with co-workers, supervisors, and the public, which the ALJ adopted in the RFC determining no public contact and no more than occasional coworker and supervisory contact. (Tr. 56, 72, 91). Plaintiff asserts the medical evidence of record supported more significant non-exertional limitations related to her mental health but only references the opinion of Dr. Ippolito, which as discussed above is consistent with the RFC. (Dkt. No. 7 at 13-14).

In sum, the ALJ properly considered the evidence of record, including medical opinion evidence, when formulating plaintiff's RFC. The Second Circuit has never held that an ALJ must rely directly on a medical source opinion in assessing a claimant's RFC, rather, the Court has repeatedly affirmed the Commissioner's decisions in cases where the ALJ did not do so. *See Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 39 (2d Cir. 2020). Plaintiff has failed to satisfy her burden of proving that her conditions resulted in any greater limitations than those already included in the RFC finding. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) ("Smith had a duty to prove a more restrictive RFC, and failed to do so.").

**ACCORDINGLY, it is**

> **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is
>
> > **DENIED;** and it is further
>
> **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 8) is
>
> > **GRANTED.**

Dated: February 3, 2023                    _J. Gregory Wehrman_
Rochester, New York                        HON. J. Gregory Wehrman
                                           United States Magistrate Judge